UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH NICHOLS, ET AL.                                             CIVIL ACTION

VERSUS

LIBERTY MUTUAL INSURANCE                          NO. 17-01435-BAJ-EWD
COMPANY

## RULING AND ORDER

On November 2, 2021, the Court issued a Show Cause Order requiring the parties to jointly submit proof of Defendant's written denial rejecting coverage of Plaintiffs' claims under Plaintiffs' Standard Flood Insurance Policy ("SFIP"), or face dismissal based on the Court's analysis set forth in the July 22, 2021 dismissal order entered in *Burkhalter, et al. v. Hartford Underwriters Insurance Company*, et al., No. 17-cv-01086, 2021 WL 3121209 (M.D. La. July 22, 2021) (Jackson, J.). (Doc. 30).

On November 12, 2021, the parties submitted their joint Response Memorandum To Show Cause Order (Doc. 31). Attached to this Response is an undated form letter on Defendant's letterhead, which states (in full):

> Dear Policyholder,
>
> Enclosed is an advance payment towards your reference flood claim. This advance payment is applied to your contents and/or building coverage and will be deducted from your final claim payment.
>
> It should be noted that additional living expenses are not cover [sic] under your Flood Policy. The Standard Flood Insurance Policy states under Section V Excluded A.5 [sic], "We only provide coverage for direct physical loss by or from flood, which means that we do not pay you for: Any additional living expenses incurred while the insured building is being repaired or is unable to be occupied for any reason[.]"

> Please continue to work with your adjuster towards the final conclusion or your claim.
>
> Sincerely,
>
> Flood Claims Department

(Doc. 31-1). The parties assert that this letter "accompanied the Plaintiffs' advanced payment dated August 24, 2016," and further state (without explanation or argument) that this letter represents "a partial denial of Plaintiffs' August 13, 2016 flood claim for additional living expenses." (Doc. 31 at 1).

The parties' submission falls short of satisfying the Court's concerns set forth in the Show Cause Order. This is because, quite simply, Plaintiffs' action does *not* seek recovery of "additional living expenses." Rather, from the beginning, this case has focused exclusively on Plaintiffs' "supplemental flood claim ... for an additional payment for flood damages for Building coverage." (*See* Doc. 1 at ¶ IX). Whatever may be said of the parties' undated letter, plainly it is *not* a written denial of Plaintiffs' "Building coverage" claims, and therefore cannot serve as a basis for triggering the Court's jurisdiction. *See Castleberry v. Am. Strategic Ins. Corp.*, No. 17-cv-01138, 2021 WL 3699847, at *1 (M.D. La. Aug. 19, 2021) (Jackson, J.) ("Defendant's denial of personal property damages (a wholly separate type of claim), based on the fact that Plaintiffs never obtained such coverage, plainly cannot serve as the predicate 'written denial' for a lawsuit seeking recovery of building damages." (citing *Cohen v. Allstate Ins. Co.*, No. *17-cv-2484*, 2018 WL 1144761, at *7 (S.D. Tex. Mar. 2, 2018) (Rosenthal, C.J), *aff'd* 924 F.3d 776 (5th Cir. 2019)).

2

In short, the parties' November 12 submission is not responsive to the Court's demand for proof of a written denial of the actual claims at issue in this dispute. Accordingly, lacking any evidence that Plaintiffs obtained a written denial of their claims prior to filing suit, and for the reasons set forth in the July 22, 2021 dismissal order entered in *Burkhalter, et al. v. Hartford Underwriters Insurance Company*, et al., No. 17-cv-01086, 2021 WL 3121209 (M.D. La. July 22, 2021) (Jackson, J.),

**IT IS ORDERED** that the above-captioned action be and is hereby **DISMISSED** for lack of subject matter jurisdiction.

Judgment shall be issued separately.

Baton Rouge, Louisiana, this 18th day of November, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3